UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00295-GNS

PAULA WILLIS                                                                                                          PLAINTIFF

v.

8UP ELEVATED
DRINKERY & KITCHEN et al.                                                                                   DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Amend the Complaint (DN 22), and Defendants' Motions to Dismiss (DN 16, 17, 18).  The motions are ripe for adjudication.

**I.      BACKGROUND**

Plaintiff Paula Willis ("Willis") claims, as a Black woman, she was subjected to "racially selective and lopsided security enforcement" when she was detained and ejected Defendant 8UP Elevated Drinkery & Kitchen, First Hospitality Group, Inc. ("8UP"), which is operated by a franchisee of the Hilton Hotel brand.  (Am. Compl. 5, DN 9).  Willis alleges her behavior at 8UP did not warrant ejection, 8UP security and staff were "hostile and objectively discriminatory," and that Caucasian guest were not treated in the same manner as they "were allowed to harass, assault[,] and be belligerent" towards her.  (Am. Compl. 5).  Further, she states that officers from Defendant Louisville Metro Police Department ("LMPD") arrived at the scene without conducting an investigation, making them complicit in the venue's unlawful and racist practices.  (Am. Compl. 5).

1

Willis filed this lawsuit and then filed an Amended Complaint that updated Hilton's address. (Compl., DN 1; Am. Compl., DN 9). The Amended Complaint omitted a supplement that contained additional facts and causes of actions that was included with the original complaint. (Suppl. Compl. 1, DN 1-2; *See* Am. Compl.). LMPD, 8UP, and Hilton Hotels ("Hilton") moved to dismiss. (Def.'s Mot. Dismiss, DN 16 [hereinafter LMPD's Mot.]; Def.'s Mot. Dismiss, DN 17 [hereinafter Hilton's Mot.]; Def.'s Mot. Dismiss, DN 20 [hereinafter 8UP's Mot.]). Willis then moved for leave to amend. (Pl.'s Mot. Amend, DN 22). The proposed Second Amended Complaint includes the supplement as well as amendments to two of Defendants' names—changing 8UP to "Clay Commons, LLC" and LMPD to "Metro Government." (Pl.'s Mot. Amend Ex. 1, DN 22-1). 8UP and Hilton (collectively "Hotel Defendants") and LMPD have filed responses objecting to the motion to amend the Complaint.

## II.   JURISDICTION

The Court has subject-matter jurisdiction based upon federal question and diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332(a). Supplemental jurisdiction exists over the state law claims. Venue is proper in the Western District of Kentucky as the events occurred in Louisville, Kentucky. *See* 28 U.S.C. § 1391(b).

## III.   STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend a complaint shall be freely granted when justice so requires. In light of this liberal view, "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v.*

*Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Further, a district court must "(1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). But the court "need not accept a 'bare assertion of legal conclusions.'" *Id.* at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

## IV. DISCUSSION

All Defendants oppose Willis' motion to amend the Complaint. Hotel Defendants assert that the motion is futile because the proposed amended complaint would not survive a motion to dismiss and it has no effect on Defendants' pending motions since the amendments contain only minimal changes and do not present new facts. (Defs.' Resp. Pl.'s Mot. Am. 3-4, DN 28 [hereinafter Hotel's Resp.]). LMPD argues the motion to amend is futile as the Metro Government is afforded sovereign immunity and the claims are time barred. (Def.'s Resp. Pl.'s mot. Am. 1-2, DN 29 [hereinafter LMPD's Resp.]). In her reply brief, Willis contests the futility of her motion. (Pl.'s Mem. Supp. Reply Mot. Am. 1-2, DN 30-1 [hereinafter Pl.'s Reply]).

### A. Motion to Amend the Complaint

The proposed amended complaint contains minor changes—renaming 8UP to Clay Commons, LLC and LMPD to Metro Government and an addendum that was included in her original complaint but was omitted in the Amended Complaint. (*See* Pl.'s Mot. Amend Ex. 1).

3

The addendum contains facts similar to those in the Amended Complaint, details of her requested non-monetary compensation,[1] and the elements of Willis' unlawful detention/ false arrest claim, 42 U.S.C. § 2000(a) claim, and defamation claim. (Pl.'s Mot. Amend Ex. 1, at 9). Willis' proposed amended complaint does not introduce any new claims or factual allegations against the existing Defendants that were not previously advanced in her Amended Complaint. While Willis' pleadings are entitled to a liberal construction, the proposed second amended complaint is futile as it does not cure the deficiencies in the Amended Complaint, and, for the reasons discuss below, the Amended Complaint would not survive a motion to dismiss.

B. **Motions to Dismiss**

In her Amended Complaint, Willis appears to raise four claims against Defendants.[2] Courts generally cannot consider documents outside the pleadings without converting a motion to dismiss under Fed. R. Civ. P. 12 into one for summary judgment under Fed. R. Civ. P. 56, but public records and exhibits to the pleadings and motion may be considered "so long as they are referred to in the complaint and are central to the claims . . . ." *Stein v. HHGREGG, Inc.*, 873 F.3d 523, 528 (6th Cir. 2017) (quoting *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016)); *see* Fed. R. Civ.

---

[1] Besides punitive damages, Willis request 600,000 Hilton Honors points, a five consecutive or separately redeemable night stay at a Hilton property with a complimentary spa treatment; "[c]oaching of all Defendants on unconscious bias and Diversity and Inclusion[;]" "[c]oaching of facility staff on de-escalation techniques[;]" "[c]oaching of LMPD on on-site investigation techniques when responding to a 911 call[;]" "[a]ssault charges against patrons in question to be filed by LMPD[.]" (Pl.'s Mot. Amend Ex. 1, at 10).

[2] Willis makes a brief mention to KRS 344.120 in her Amended Complaint, but in a heading above the paragraph she labeled the following: "False arrest/unlawful detention, defamation, violation of 42 U.S.C. §2000a (a)[.]" (Pl.'s Mot. Amend Ex. 1, at 5). Out of an abundance of caution, the Court will address the Amended Complaint as if it contains a claim under KRS 344.120. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) ("[T]he allegations of a complaint drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." (citations omitted)).

P. 12(d). Attached to its motion to dismiss, Hilton includes the corporate filings made with Kentucky's Secretary of State, First Hospitality's Position Statement to the Kentucky Commission on Human Rights ("KCHR"), and the KCHR's Order dismissing the charge. (Def.'s Mot. Dismiss Ex. 3, DN 17-3). Similarly, 8UP attached to its motion a corporate filing made with Kentucky's Secretary of State, its position statement to the KCHR, and the KCHR's Order dismissing the charge. (Def.'s Mot. Dismiss Ex. 3, DN 18-3). The Court may consider these documents as they are matters of public record. *Williams v. Steak 'N Shake*, No. 5:11CV833, 2011 WL 3627165, at *3 (N.D. Ohio Aug. 17, 2011) (considering EEOC charging documents because they are a matter of public record (citation omitted)).

In her response to the LMPD's motion to dismiss, Willis attached excerpts from the 2018 to 2019 "Comprehensive Annual Financial Report" for the Louisville/Jefferson County Metro Government. (Pl.'s Resp. Def.'s Mot. Dismiss Ex. 2, DN 20-2). The Court may consider the "Comprehensive Annual Financial Report" as it is a public record. In her response to both Hilton and 8UP's motion, Willis attached email correspondence with individuals from the KCHR, correspondence with Hilton's complaint department representatives, and a demand letter. (Pl.'s Resp. Defs.' Mot. Dismiss. Ex. 2, DN 23-2). As Willis' Amended Complaint contains references to the demand letter she sent and the correspondence "via levels of Defendant's customer service channels," the Court may consider both. (Am. Compl. 5); *see Morton v. City of Corinth*, No. 1:22-CV-065-GHD-DAS, 2024 WL 165997, at *1 (N.D. Miss. Jan. 16, 2024) ("[D]ocuments attached to a motion to dismiss or to a response to a motion to dismiss 'are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s].'" (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000))). The Court cannot consider

Willis' email correspondence with the KCHR as they are not referred to in the Complaint and are not central to the claims. *Stein*, 873 F.3d at 528.

     **1.**   ***KRS 344.120 & 42 U.S.C. § 2000a***

  Willis alleges in her Amended Complaint that she, a Black woman, "was ejected from 8UP amid circumstances of racially selective and lopsided security enforcement" and that she "was targeted to the exclusion of Caucasian guests, and [was] determined to be causing a disturbance . . . ." (Am. Compl. 5). Willis asserts that nothing occurred to warrant her ejection and the employees "collectively created a hostile, discriminatory environment towards Plaintiff[,]" while "patrons sitting adjacent to the plaintiff" harassed her. (Am. Compl. 5).

  The Kentucky Civil Rights Act ("KCRA") provides:

> [I]t is an unlawful practice for a person to deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement, as defined in KRS 344.130, on the ground of disability, race, color, religion, or national origin.

KRS 344.120. The KCRA defines the term "placement of public accommodation" to include "any place, store, or other establishment, either licensed or unlicensed, which supplies goods or services to the general public . . . ." KRS 344.130. Due to the similarities between KRS 344.120 and 42 U.S.C. § 1981, "[i]n analyzing claims under § 344.120, this Court has previously applied the burden-shifting framework used for claims of discrimination under 42 U.S.C. § 1981." *Cary v. Cordish Co.*, No. 3:14-CV-458-DJH-CHL, 2016 WL 1178799, at *2 (W.D. Ky. Mar. 23, 2016) (citation omitted). To state a *prima facie* claim of discrimination under KRS 344.120, the plaintiff must allege facts that demonstrate:

> (1) [she] is a member of a protected class;
> (2) [she] sought to make or enforce a contract for services ordinarily provided by the defendant; and
> (3) [she] was denied the right to enter into or enjoy the benefits or privileges of the contractual relationship in that

>   (a)     [she] was deprived of services while similarly situated persons outside the protected class were not[;] and/or
>   (b)     [she] received services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory.

*Hinton v. Am. Airlines, Inc.*, No. 3:23-CV-00271-GNS, 2024 WL 102218, at *4 (W.D. Ky. Jan. 9, 2024) (alterations in original) (citing *Cary*, 2016 WL 1178799, at *2).

Willis alleges that she is a Black woman, satisfying the first element that she is a member of a protected class based on her race. (Am. Compl. 5); *see Hinton*, 2024 WL 102218, at *4. Willis' allegations are also sufficient for the second element as she has alleged that she was a customer at 8UP. (Am. Compl. 5).

Turning to the final element, the Court must determine whether Willis has alleged she "received services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory." *Cary*, 2016 WL 1178799, at *2. This analysis requires courts to consider whether the defendant's conduct was "(1) so profoundly contrary to the manifest financial interests of the merchant and/or her employees; (2) so far outside of widely-accepted business norms; and (3) so arbitrary on its face, that the conduct supports a rational inference of discrimination." *Keck v. Graham Hotel Sys., Inc.*, 566 F.3d 634, 641 (6th Cir. 2009) (internal quotation marks omitted) (citation omitted); *Hinton*, 2024 WL 102218, at *5. Courts have held that to satisfy this element a "a plaintiff must allege 'serious examples of racially charged conduct—usually including racial epithets . . . .'" *Hinton*, 2024 WL 102218, at *5 (quoting *Miller v. Freedom Waffles, Inc.*, No. 3:06CV-159-H, 2007 WL 628123, at *4 (W.D. Ky. Feb. 23, 2007)).

The Amended Complaint does not contain any factual allegations of "racially charged conduct," but instead makes conclusory statements: that her ejection was "racially selective," that the Caucasian guests were not targeted in the same manner and harassed and assaulted her, and that security and staff were hostile and discriminatory. (Am. Compl. 5). Outside these statements,

Willis provides no facts supporting her allegations, and thus these threadbare assertions are insufficient to satisfy the third element. *Cary*, 2016 WL 1178799, at *2-3; *see Walker v. Louisville/Jefferson Cnty. Metro Gov't*, 583 F. Supp. 3d 887, 904 (W.D. Ky. 2022) ("As in any motion to dismiss, the plausibility standard requires the plaintiff to plead 'factual content that allows the [C]ourt to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." (alterations in original) (quoting *Iqbal*, 556 U.S. at 678)).

For similar reasons to those above, Willis' claim under 42 U.S.C. § 2000a(a) should be dismissed. To establish a *prima facie* case under Section 2000a, Willis must show that she:

> (1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodation; (3) was denied those benefits and enjoyment; and (4) was treated less favorably than similarly situated persons who are not members of the protected class."

*Bormuth v. Dahlem Conservancy*, 837 F. Supp. 2d 667, 674 (E.D. Mich. 2011) (citing *McCoy v. Homestead Studio Suites Hotels*, 390 F. Supp. 2d 577, 584 (S.D. Tex. 2005)). Willis fails to allege sufficient facts that she was treated less favorably than similarly situated persons who are not members of the protected class. *Goemaere v. Tiell*, No. 19-10839, 2020 WL 134095, at *3 (E.D. Mich. Jan. 13, 2020).

Further, the Amended Complaint is time-barred. "Kentucky's one-year statute of limitations for personal injury actions [] applies [to the racial discrimination claims], barring [plaintiff's] claims as untimely." *Alja-Iz v. Ramsey*, No. 3:14-CV-618-DJH, 2017 WL 6485803, at *8 (W.D. Ky. Sept. 12, 2017), *adopted*, 2017 WL 6504012 (W.D. Ky. Sept. 22, 2017). Here, the incident occurred on the night of June 28, 2019, into the morning of June 29, 2019. Willis filed her original Complaint on June 7, 2023, roughly four years after the incident and almost three years after the limitations period expired. (*See* Compl.). For reasons discussed below, Plaintiff is not entitled to equitable tolling.

Accordingly, Willis' claims under the KCRA and 42 U.S.C. § 2000a are dismissed.

### 2. *Remaining Claims*

Willis' remaining claims are for false arrest/unlawful detention and defamation. (Am. Compl. 5). Hotel Defendants, through their individual motions, argue that these claims are time barred, while LMPD asserts sovereign immunity bars the claim as Metro Government is the proper party and LMPD is its agent. (Hilton's Mot. 6-8; 8UP's Mot. 5-8; Def.'s Mem. Supp. Mot. Dismiss 2-3, DN 16-1). In response, Willis argues LMPD is not immune from suit and specifies she is bringing her false arrest/unlawful detention through 42 U.S.C. § 1983. (Pl.'s Mem. Supp. Resp. Def.'s Mot. Dismiss 7-9, DN 20-1). Additionally, Willis contends she is entitled to equitable tolling. (Pl.'s Mem. Supp. Resp. Defs.' Mot. Dismiss 7-9, DN 23-1).

"The statute of limitations for § 1983 claims is the relevant state's statute of limitations for personal-injury torts." *Beaver St. Invs., LLC v. Summit Cnty.*, 65 F.4th 822, 826 (6th Cir. 2023) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). In Kentucky, the statute of limitations for personal injury actions is one year. *Burnett v. Transit Auth. of Lexington-Fayette Urb. Cnty. Gov't*, 981 F. Supp. 2d 630, 633 (E.D. Ky. 2013) (citing KRS 413.140(1)(a)). A defamation claim has a one-year statute of limitations. KRS 413.140(1)(d). The one-year statute of limitations "begins to run when the plaintiff knows or has reason to know of the injury which is the basis of [the] action . . . ." *Dixon v. Clem*, 492 F.3d 665, 671 (6th Cir. 2007). Thus, Willis' false arrest/unlawful detention and defamation claims' statute of limitations would have expired on June 28, 2020, at the latest.

"Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs[,]" and federal courts look to state law for tolling rules. *Wallace*, 549 U.S. at 394, 396. In Kentucky "equitable tolling is quite limited." *Chabad of*

9

*Prospect, Inc. v. Louisville Metro. Bd. of Zoning Adjustment*, 623 F. Supp. 3d 791, 800 (W.D. Ky. 2022) (citing *Williams v. Hawkins*, 594 S.W.3d 189, 194 (Ky. 2020)). Equitable tolling applies when a plaintiff shows that "(1) she 'has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way.'" *Williams*, 594 S.W.3d at 194 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Willis contends she was diligently pursuing her claims as she requested the determination status from the KCHR, she engaged in "Hilton Hotels Corporate Escalation," and she sent a demand letter requesting data preservation. (Pl.'s Mem. Supp. Resp. Defs.' Mot. Dismiss 8-9). To demonstrate extraordinary circumstances, Willis cites to the "global pandemic, the diversity of citizenship, time appropriated to futile pursuits of responses from parties in question, and time needed to interview various legal counsel prior to deciding to pursue matter Pro Se." (Pl.'s Mem. Supp. Resp. Defs.' Mot. Dismiss 9). Willis' arguments are insufficient to warrant equitable tolling as she failed to show her diligence after the limitations period expired or how extraordinary circumstances prevented her from timely filing the suit almost four years after the incident occurred. *See Lucas v. Hartford*, No. 3:23-CV-1941, 2023 WL 2787942, at *3 (N.D. Ohio Apr. 5, 2023) (noting that generalized allegations that a cause of action was tolled due to the COVID-19 pandemic are insufficient); *United States v. Hathorn*, No. 1:12-CR-50, 2016 WL 4462612, at *1-2 (W.D. Mich. Aug. 24, 2016) (holding that the ability to retain counsel did not equitably toll the applicable statute of limitations); *Prout v. PRG Real Est. Mgmt., Inc.*, 51 F. Supp. 3d 702, 706 (E.D. Ky. 2014) ("[M]ere negotiations looking toward an amicable settlement do not afford a basis for estoppel to plead the statute of limitations." (quoting *Cuppy v. Gen. Accident Fire & Life Assurance Corp.*, 378 S.W.2d 629, 631 (Ky. 1964))).

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion to Amend the Complaint (DN 22) is **DENIED**.

2. Defendants' Motions to Dismiss (DN 16, 17, 18) are **GRANTED**, and Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**.

3. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

March 18, 2024

cc: counsel of record
Paula Willis, *pro se*